Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C ~~1895~~ 1859 | DATE | 4/12/2001 |
| CASE TITLE | BRUSH et al vs. HOTEL EMPLOYEES et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 17 2001 date docketed | 22 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | CM docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/12/2001 date mailed notice | |
| JS ✓ courtroom deputy's initials | | 01 APR 12 PM 3:42 Date/time received in central Clerk's Office | JS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 17 2001

| | |
|---|---|
| LINDA BRUSH, et.al., | ) |
| Plaintiffs, | ) No. 01 CV ~~1895~~ 1859 |
| v. | ) |
| HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION, AFL-CIO, CLC, et. al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Linda Brush et. al. filed a complaint and motion for preliminary injunction against defendants Hotel Employees and Restaurant Employees International Union ("HEREIU"), et.al. asking this court to dissolve the trusteeship imposed on Local 1 by May 29, 2001 or as soon thereafter as election procedures can be implemented consistent with federal law and the HEREIU Constitution. Plaintiffs also seek an order requiring HEREIU to begin immediately the process for holding elections for union office and International Convention delegates. Defendants filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction under section 304(a) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 464(a). For the following reasons, this court finds that it does have subject matter over plaintiffs' complaint and does have the power to order HEREIU to hold elections for Local 1 leadership, because such

1



leadership would not take office until after the end of the trusteeship's presumptive validity, May 29, 2001. Accordingly, defendants' motion to dismiss is DENIED.

## ANALYSIS

Section 462 of the LMRDA provides that a labor organization may establish and administer a trusteeship over a subordinate body, when done in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body and "for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization." Section 464(c) establishes presumptions of validity or invalidity of trusteeship, providing:

> In any proceeding pursuant to this section a trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws and authorized or ratified after a fair hearing either before the executive board or before such other body as may be provided in accordance with its constitution or bylaws shall be presumed valid for a period of eighteen months from the date of its establishment and shall not be subject to attack during such period except upon clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable under section 462 of this title. After the expiration of eighteen months the trusteeship shall be presumed invalid in any such proceeding and its discontinuance shall be decreed unless the labor organization shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under section 462 of this title. In the latter event the court may dismiss the complaint or retain jurisdiction of the cause on such conditions and for such period as it deems appropriate.

29 U.S.C. § 464(c). Section 464(a) provides that any member or subordinate body of a labor organization affected by any violation of this subchapter may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. 29 U.S.C. § 464(a).

2

Defendants argue that section 464(a) confers jurisdiction on a federal district court to determine the validity of a trusteeship, but not to order union elections to be held on a particular date. In support, defendants rely almost entirely on Colgan v. Carey, 1995 WL 88974, No. 94 C 5685 (N.D. Ill. Feb. 24, 1995). In that case, Judge David Coar of this district court held that plaintiffs' allegation that defendants selected a mail-ballot election format to extend impermissibly the length of an invalid trusteeship was insufficient to confer jurisdiction under section 464(a). Judge Coar reasoned that because the union's constitution and the LMRDA expressly permitted the trusteeship to continue during an interim time period after the expiration of the eighteen-month "safe harbor" period, the fact that defendants' decision to conduct an election to restore self-government to the local union necessarily extended the duration of the trusteeship did not amount to a violation of section 464(c). See id. at *3. Judge Coar held: "The extension of the length of the trusteeship thus does not create jurisdiction under section 464(a)." Id.

Defendants argue that plaintiffs here, like in Colgan, are merely attacking the method by which the union election is to be held, which happens to extend the duration of the trusteeship, such that this court does not have jurisdiction. However, critical to Judge Coar's analysis in Colgan was the defendants' decision to permit the local union to hold elections for self-government. Judge Coar reasoned: "In any event, a decision to conduct an election to replace an existing trusteeship has the necessary effect of extending the duration of the trusteeship until such time as the election is completed and certified and the officers are installed by the General President. However, the validity of a trusteeship during this finite time period is not at issue because the trusteeship will soon cease to exist regardless of whether it was presumed valid or invalid on the date the decision was made to proceed with an election." Id. In Colgan, there was no question that the trusteeship would

3

end shortly after the eighteen month presumption of validity ended, and the only question was the precise manner and time at which it would end. Here, by contrast, HEREIU has not promised to hold elections which would have the effect of guaranteeing that the trusteeship will not extend indefinitely, and every indication from HEREIU is that it intends to extend the trusteeship beyond the eighteen month presumption of validity. Plaintiffs here, unlike in Colgan, are not seeking to attack the validity of a trusteeship during a "finite time period"; no election has been called, so the trusteeship will not "soon cease to exist." This court finds nothing in the facts as set forth by the parties which would justify depriving this court of jurisdiction over a challenge to the legality of defendants' trusteeship, as it will necessarily extend well beyond May 29, 2001 if the election process does not begin prior to that date.

Defendants also argue that plaintiffs have not alleged facts which are sufficient to overcome the presumption that the trusteeship is valid. In so arguing, defendants interpret plaintiffs' complaint and request for a preliminary injunction as an "attack" on the trusteeship during the eighteen month presumption of validity, which does not expire until May 29, 2001. However, plaintiffs do not attack the current trusteeship or assert any issue with maintaining the trusteeship until May 29, 2001. What plaintiffs attack is the necessary period <u>after</u> the trusteeship's period of presumptive validity ends, when there will be no popularly elected leadership in place to take over for the trusteeship. As noted, this case is unlike Colgan, where an "eighteen month plus the time during which the necessary procedures to complete an election" was not subject to attack under 29 U.S.C. § 464(a). Rather, plaintiffs are attacking the indefinite period which, without action by this court or HEREIU, will indefinitely extend the period of the trusteeship indefinitely beyond eighteen months. Defendants also err in interpreting plaintiffs' complaint and request for an injunction as a request to dismantle

4

the trusteeship, at least in part, prior to May 29, 2001. An order by this court requiring the election procedures to be set in motion would not have the effect of dissolving the trusteeship at all prior to May 29, 2001. Rather, plaintiffs are merely requesting that election procedures be set in motion now, so that democratically elected officials may take power some time after May 29, 2001, but in time to represent Local 1 at the HEREIU convention, which is called only once every five years and is scheduled to commence on July 15, 2001.

Finally, defendants argue that any action this court could take in response to plaintiffs' motion would be premature. Defendants argue that this court should await the outcome of a hearing held by HEREIU on March 14-16, 2001 to determine whether the trusteeship should be continued beyond May 29, 2001. However, defendants ignore the fact that, without action on their part or by this court, the trusteeship <u>will</u> continue indefinitely beyond May 29, 2001 because no leadership will be elected to replace it. In addition, courts are only required to stay their hands when a union acts pursuant to established union procedures to resolve a dispute. Here, the HEREIU Constitution does not provide a procedure to determine whether a trusteeship should continue beyond eighteen months. The provision under which HEREIU called its March hearing, Article XII, Section 3, is only applicable to the initial imposition of a trusteeship, not its continuation beyond eighteen months. In the case cited by defendants, <u>Local No. 48 v. United Broth. of Carpenters and Joiners</u>, 920 F.2d 1047, 1052 (1st Cir. 1990), the court specifically found that the national union had acted pursuant to its constitution when it engaged in internal union procedures. Such is not the case here.

Moreover, given the language of 29 U.S.C. § 464(c), which presumes a trusteeship invalid after eighteen months, this court is doubtful that a union would ever have the power to determine for itself whether continuing a trusteeship for longer than eighteen months was justified, especially when

5

the time it takes to make that decision has the effect of continuing the trusteeship indefinitely beyond eighteen months. In that light, the Seventh Circuit has noted that exhaustion of intra-union remedies generally has not been required in cases where local union members seek dissolution of a trusteeship. International Union v. Local Union No. 589, 693 F.2d 666, 675 n.5 (7th Cir. 1982). "Intra-union appeals in such cases are unlikely to provide relief since the protests are entertained by the very bodies that imposed the trusteeships." Id.

## CONCLUSION

For all the reasons stated, this court finds that is has jurisdiction to enter the relief requested by plaintiffs, and plaintiffs are not required to await the outcome of HEREIU proceedings before proceeding in this court. Accordingly, defendants' motion to dismiss plaintiffs' complaint for lack of jurisdiction is DENIED.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: April 12, 2001